UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO.: 3:11cr67-DPJ-LRA

LEE EARL BROOKS, JR.

ORDER

This criminal case is before the Court on Defendant Lee Earl Brooks, Jr.'s Motion for Judgment of Acquittal, or, in the Alternative, For a New Trial [102]. Having fully considered the premises, the Court finds that the motion should be denied.

I. Background

Brooks was charged in a four count Superceding Indictment [36] for violating various drug trafficking and gun laws. In general terms, the Government charged Brooks with conspiring to possess with intent to distribute marijuana from January 1, 2007, through the date of the Superceding Indictment (Count I); attempting to possesses marijuana on August 10, 2009, with intent to distribute (Count II); possessing methamphetamine with intent to distribute on September 12, 2011 (Count III); and carrying a firearm on April 11, 2007, during and in relation to the commission of Count I. The case was tried October 9 through 11, 2012, during which the Government offered overwhelming evidence of Brooks's guilt. The jury returned a guilty verdict on all four counts.

II. Standard

Under Rule 29, the Court may set aside a jury's verdict of guilt if "the evidence is insufficient to sustain a conviction" of one or more of the offenses charged in the indictment. Fed. R. Crim. P. 29(a), (c). The standard for reviewing a claim of insufficient evidence is

"'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the evidence establishes the essential elements of the crime beyond a reasonable doubt.'" *United States v. Bellew*, 369 F.3d 450, 452 (5th Cir. 2004) (quoting *Jackson v. Virginia*, 43 U.S. 307, 319 (1979)).

Rule 33 allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The grant of a new trial is necessarily an extreme measure, because it is not the role of the judge to sit as a thirteenth member of the jury." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997). Therefore, "motions for new trial are not favored, and are granted only with great caution." *Id.* (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "A new trial is granted 'only upon demonstration of adverse effects on substantial rights of a defendant.'" *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997) (quoting *United States v. Cooks*, 52 F.3d 101, 103 (5th Cir. 1995)). An error affects the defendant's substantial rights if "it affected the outcome of the trial court proceedings." *United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001); *see also United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005) (holding that "[t]he restitution order affected [the defendant's] substantial rights because the outcome of the district court proceedings would have been different if the error had not occurred").

Unlike a motion for judgment of acquittal, the Court may weigh the evidence and assess the credibility of witnesses with respect to a motion for new trial. *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing *Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982)). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1118. "[A]ny error of sufficient magnitude to require

2

reversal on appeal is an adequate ground for granting a new trial." *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (quoting 3 Charles Alan Wright, et al., Federal Practice and Procedure § 556 (3d ed. 2004)). Based on the applicable standards, the Court finds that neither acquittal nor a new trial is warranted in this case.

III. Analysis

Brooks premises his motion on five arguments. The Court will address each issue though Brooks's first three arguments involve the same review of the evidence and will be considered collectively.

    A.    Whether the Verdict is Against the Overwhelming Weight of the Evidence; Whether the Evidence Substantiated the Jury Verdict; Whether the Court Erred in Denying Brooks's Rule 29 Motion at Trial

The Government offered substantial evidence of Brooks's guilt as to all four counts, and while he was not required to put on a defense, most of the evidence was wholly unrebutted. In addition to the guns and drugs found in Brooks's possession, the jury also heard a wealth of evidence that Brooks operated a large-scale drug-distribution scheme from his Jackson, Mississippi, home. In the interest of time, the Court will not attempt to catalog all of the evidence and will instead recite evidence sufficient to support the verdict as to each count.

        1.    Count One—Conspiracy to Possess with Intent to Distribute

Count One charges Brooks under 21 U.S.C. § 846 with conspiracy to possess with intent to distribute one hundred (100) kilograms or more of marijuana from January 2007 through the date of the Superceding Indictment. The essential elements of this offense are: (1) that two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute one hundred kilograms or more of marijuana; (2) that the defendant knew of the unlawful purpose of

3

the agreement; (3) that the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and (4) that the overall scope of the conspiracy involved at least 100 kilograms or more of marijuana. *See* 21 U.S.C. §§ 846, 841.

The Government's evidence easily supports each essential element of a conspiracy beginning January 2007. First, Brooks was arrested in 2007 with a gun and individually packaged quantities of marijuana concealed in several bags in a car he rented and that he alone occupied. Second, two codefendants, Charles Wilson and Willie McAfee, testified against Brooks and established an ongoing conspiracy to deliver large quantities of marijuana to Brooks's Jackson, Mississippi, residence. McAfee informed the jury that Brooks recruited him to haul drugs in 2006, that Brooks taught McAfee what to do, and that he (McAfee) saw Brooks handling shipments of marijuana with another individual even before McAfee joined the conspiracy.

Both Wilson and McAfee testified that they were arrested while delivering bundles of marijuana to Brooks. Although arrested at different times and in different places, their bundles were packaged in the same distinct way. McAfee's connection to Brooks was then corroborated by evidence that Brooks paid McAfee's bail after the arrest.

When Wilson was apprehended on August 10, 2009, he identified Brooks's residence as his destination, described Brooks's vehicle, and led the officers with the marijuana directly to Brooks's home. Brooks showed up in the vehicle Wilson described, and when he saw Wilson, Brooks asked him where he had been before directing Wilson to back the car up to the garage. Upon obtaining a warrant and entering the home, the agents found evidence of drug trafficking, including several large bags of marijuana, two digital scales, materials for separating and

4

packaging the drugs (like shrink wrap), a Ruger handgun, five cell phones, and a bullet-proof vest. This evidence supports the verdict as to the first three elements of the conspiracy charge. The fourth element—regarding the overall weight of the marijuana—was met when the drug quantities from all of the illegal shipments were added.

        2.        Count Two—Attempting to Possess Marijuana with Intent to Distribute

Count Two charges Brooks under 21 U.S.C. § 841(a)(1) with attempting to possess the marijuana Wilson delivered on August 10, 2009. The essential elements of this offense are: (1) that the defendant knowingly attempted to possess a controlled substance; (2) that the substance was in fact marijuana; (3) that the defendant attempted to possess the substance with the intent to distribute it; and (4) that the quantity of the substance was 50 kilograms or more of marijuana. *Id*.

When authorities intercepted Wilson, he was carrying more than 50 kilograms of marijuana. According to Wilson, he was to deliver the drugs to Brooks as he had before. Wilson cooperated with authorities and completed the delivery under their supervision. As stated above, Brooks's comments to Wilson at Brooks's home demonstrate his knowledge of the shipment and his connection to the drugs Wilson delivered. The size of the delivery easily supports a finding of intent to distribute, as does the evidence of drug trafficking paraphernalia found in Brooks's home. His intent was further demonstrated by his arrest in 2007 for possessing individually packaged marijuana. As for the identity and volume of the substance, experts confirmed that the bundles contained 50 kilograms or more of marijuana. Again, the evidence easily supports the verdict.

### 3. Count Three—Possession with Intent to Distribute Methamphetamine

Count Three charges Brooks under 21 U.S.C. § 841(a)(1) with possession with intent to distribute 3.9 grams of methamphetamine. The essential elements of this offense are: (1) that the defendant knowingly attempted to possess a controlled substance; (2) that the substance was in fact methamphetamine; and (3) that the defendant attempted to possess the substance with the intent to distribute it. *Id*.

The evidence established that on September 12, 2011, authorities visited Brooks's house to deliver the indictment for charges related to Wilson's August 10, 2009, marijuana delivery. During this visit, agents asked Brooks if he had any drugs, and he said he did. They found the methamphetamine in a pocket in Brooks's robe. The evidence is overwhelming and undisputed that Brooks possessed the methamphetamine.

But there is a closer issue with respect to his intent to distribute. The Government offered no proof that 3.9 grams of methamphetamine is sufficiently large to suggest intent to distribute. *See U.S. v. Cockrell*, 587 F.3d 674, 680 (5th Cir. 2009) (noting that 1.4 grams of methamphetamine was a quantity sufficient to be for personal use or distribution). "Possession of a small quantity of illegal drugs consistent with personal use does not support an inference of intent to distribute in the absence of other evidence, such as drug paraphernalia, guns, or large quantities of cash." *United States v. Kates*, 174 F.3d 580, 582 (5th Cir. 1999). Brooks possessed all of the above. When the agents searched Brooks's house in September 2012, they discovered that Brooks had replaced much of the drug trafficking paraphernalia that was confiscated in August 2009. In particular, they found new digital scales, five cell phones including a booster that allowed calls without identifying the caller, a large amount of cash in a medicine cabinet, a

Ruger handgun, and other items. The additional evidence of drug trafficking, coupled with the possession of methamphetamine, could allow an inference of intent to distribute. *See id.*; *see also United States v. McKnight*, 469 F. App'x 349, 356 (5th Cir. 2012) (holding drug paraphernalia indicative of an intent to distribute); *United States v. Prieto-Tejas*, 779 F.2d 1098, 1102 n.4 (5th Cir. 1986) (noting that scales are indicative of drug trafficking).

On top of that, the jury also heard other evidence probative of Brooks's intent to distribute. First, Brooks had a history of distributing drugs as reflected in the 2007 and 2009 arrests along with the testimony from Wilson and McAfee. *See United States v. Meshack*, 225 F.3d 556, 571 (5th Cir. 2000) (noting that defendant was a "frequent drug dealer"). Second, the Government's expert testified that the methamphetamine was 100% pure, which is rarely seen. And agents testified that dealers purchase pure methamphetamine to "cut" it into smaller quantities for distribution. *See United States v. Prieto-Tejas*, 779 F.2d 1098, 1101 (5th Cir. 1986) (" The evidence suggested that this cocaine was of a purity usually diluted for distribution.") (citing *United States v. Ledezma-Hernandez*, 729 F.2d 310, 313 (5th Cir. 1984); *United States v. Gonzalez*, 700 F.2d 196, 204 (5th Cir. 1983)). The evidence supported the verdict.

### 4. Count Four—Gun Possession

Count Four charges Brooks with carrying a Ruger 9mm handgun during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1). The essential elements of this offense are: (1) that the defendant committed a drug trafficking offense, in this case the conspiracy charged in Count One, and (2) that the defendant knowingly carried a firearm during and in relation to the commission of the crime charged in Count One. *Id*. "As to the second

element, the 'carrying' requirement of Section 924(c) is met where a defendant operates a vehicle knowing the firearm is in the car." *United States v. Franklin*, 561 F.3d 398, 403 (5th Cir. 2009) (citations and punctuation omitted); *see also Muscarello v. United States*, 524 U.S. 125, 139 (1998).

The evidence supporting the first element is addressed as to Count One above. As for the gun, the arresting officer testified that he found the gun in the car Brooks was driving on April 11, 2007, in Madison, County, Mississippi. There were no other passengers in the car, and the car was rented to Brooks. There exists a reasonable inference that the gun was not present when the rental company turned the vehicle. The officer also found marijuana in concealed and individually wrapped packages much like the marijuana later found in Brooks's home in 2009. The fact that the drugs were found with the gun supports the second essential element of the offense. The jury likewise heard Wilson and McAfee testify regarding the scope of the drug trafficking conspiracy and its existence at the time the Ruger was discovered in Brooks's possession. Finally, the jury heard that Brooks was arrested in April 2007, August 2009, and September 2011. Each time, he possessed marijuana that had been individually packaged for distribution, a Ruger, and other drug trafficking paraphernalia. This evidence was probative of his intent under Rule 404(b)(2).

      B.      Whether the Court Erred in Overruling Defendant's Objection to Introduction of Rule 404(b) Evidence by the Government

Although Brooks fails to specify which ruling(s) he challenges under Rule 404(b), the Court recalls only one such ruling, a ruling related to Brooks's handguns. Brooks was charged in Count Four with possession of a Ruger in 2007. He was not charged with possession when

found with a Ruger in August 2009 and again in September 2011. Brooks claimed at trial that these other incidents were inadmissible under Rule 404(b)(1).[1]

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Assuming the evidence was extrinsic, *see United States v. Townsend*, No. 97-60491, 1999 WL 427597, at *9 (5th Cir. June 24, 1999) (holding that gun possession was extrinsic to drug distribution charges), the evidence would be admissible under Rule 404(b)(2). Rule 404(b)(2) states that evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

As a threshold issue, the Court must determine whether the Government has provided evidence sufficient to allow a reasonable jury to find that the defendant committed the prior acts. *United States v. Gonzalez–Lira*, 936 F.2d 184, 190 (5th Cir. 1991). The testimony of the agents who found the guns in Brooks's possession satisfies this requirement. Next, the district court must conduct a two-part test and determine: (1) that the extrinsic evidence is relevant to an issue other than the defendant's character, and, if so, (2) that the probative value of the evidence is not substantially outweighed by its undue prejudice. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).

---

[1]The Court does not recall a contemporaneous objection regarding the first reference to the handgun found in August 2009, and any such objection was waived. *See* Fed. R. Civ. P. 103 (requiring contemporaneous objection). Nevertheless, admission of that evidence was not error for the same reasons admission of the evidence related to September 2011 was not error.

The first element is met for many reasons. Primarily, Brooks placed his intent in issue when he entered a not-guilty plea. *See United States v. Olguin*, 643 F.3d 384, 390 (5th Cir. 2011) ("A defendant's not-guilty plea intuitively puts his intent and knowledge into issue."). "Where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Beechum*, 582 F.2d at 911. As for guns and drugs, the Fifth Circuit has frequently stated that "firearms are 'tools of the trade' of those engaged in illegal drug activities and are highly probative in proving criminal intent." *United States v. Martinez*, 808 F.2d 1050, 1057 (5th Cir. 1987) (citations omitted).

In this case, Brooks was found in possession of a Ruger in 2007 along with marijuana that was packaged for distribution (Count Four). When he was found in possession of marijuana two years later in 2009 (Count Two), he again had a Ruger along with individually packaged marijuana and other drug trafficking paraphernalia. When he was arrested two years after that, in 2011 (Count Three), he was once more found to be in possession of drug trafficking paraphernalia, drugs, and a Ruger that was in his car with other tools of the trade. And of course Count I charges a conspiracy with intent to distribute that covered all of these dates. Thus, even though Brooks was not charged with possessing a firearm in 2009 and 2011, that evidence is probative of his intent to possess the Ruger in 2007 (Count One); his intent to distribute drugs in 2009 (Count Two) and 2011 (Count Three); and his intent to participate in the charged conspiracy (Count One). The evidence passes the first prong of the *Beechum* test.

The prejudice prong is likewise met. Under Rule 403, unfair prejudice must substantially outweigh the probative value of the evidence. As stated, the possession of a gun is highly

10

probative of drug trafficking. *Martinez*, 808 F.2d at 1057. And the Fifth Circuit has regularly rejected Rule 403 objections in this context. *Id*. Moreover, the Court cannot credit Brooks's trial argument that prejudice exists because the guns were not always possessed in exactly the same way. Whether on his person or in his car with other paraphernalia, the guns were all in sufficient proximity to the illegal drug activities to be probative of intent. *Cf.*, *Franklin*, 561 F.3d at 403 (holding that "mere fact that he did not carry the gun into his co-conspirator's house does not mean he could not be convicted of carrying the gun in the course of the unlawful drug activities").

Finally, evidentiary rulings are considered under the harmless error standard. *United States v. Nguyen*, 504 F.3d 561, 571 (5th Cir. 2007). The Court finds no error in this instance, but assuming error, "error can be excused if it was harmless, particularly if there is other overwhelming evidence of the defendant's guilt." *Id*. (citation omitted). The Fifth Circuit has "defined harmless error as 'any error, defect, irregularity or variance that does not affect substantial rights.'" *Id*. (citing *United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006) (citing Fed. R. Crim. P. 52(a))). To the extent any error occurred, it was harmless in light of the overwhelming evidence of Brooks's guilt as to all four counts.

C. Whether the Court Erred in Overruling Defendant's Objections to Evidence

Brooks fails to identify the specific rulings to which he takes objection. It is therefore impossible for the Court to specifically address this argument. That said, the Court can think of no evidentiary rulings that impacted Brooks's substantial rights. Again, the Government presented an overwhelming volume of evidence indicating Brooks's guilt on all four counts. *See Moreno*, 185 F.3d at 475.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2012.

                                                       s/ *Daniel P. Jordan III*
                                                       UNITED STATES DISTRICT JUDGE