UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                      CRIMINAL NO. 3:11-CR-67-DPJ-LGI

LEE EARL BROOKS, JR.

ORDER

Defendant Lee Earl Brooks, Jr., asks the Court to reconsider its previous denial of his motion for compassionate release. For the following reasons, Brooks's motion [182] is denied.

I.     Facts and Procedural History

Brooks is currently serving 181 months in federal prison for four drug-trafficking convictions. Fearing he may contact COVID-19 if he remained incarcerated, Brooks moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) on May 21, 2020. Because the Court found Brooks had "not demonstrated the presence of extraordinary and compelling reasons to justify a sentence modification," it denied his motion on September 17, 2020. Order [178] at 6. Brooks appealed, and on February 11, 2021, the Fifth Circuit dismissed the appeal because Brooks did not timely file his brief. Order [184].

In the meantime, on January 25, 2021, Brooks filed this motion for reconsideration. Brooks says that, since he first moved for compassionate release, he has learned that he is obese, making him at increased risk for complications if he contracts COVID-19. And he says that in October 2020, correctional staff at FCC Beaumont Low improperly quarantined COVID-positive inmates into his living quarters, resulting in Brooks and other inmates contracting COVID-19.[1] He says this incident shows that the Bureau of Prisons is incapable of managing the COVID-19

---

[1] Brooks has since been transferred from FCC Beaumont Low. According to the Bureau of Prisons website, he is presently housed at USP Atlanta.

pandemic, providing an extraordinary and compelling reason to order his release. The Government responded in opposition to Brooks's motion, and Brooks failed to file a reply.

II.     Standard

"The Fifth Circuit recognizes that, although there is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration,' its use has been 'repeatedly and expressly sanctioned' by the Supreme Court." *United States v. Presley*, No. 5:12-CR-2-DCB-FKB, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013) (quoting *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)). "Motions to reconsider in criminal cases are treated like motions to reconsider in civil suits," and "[g]enerally, courts apply the standards of Rule 59(e) of the Federal Rules of Civil Procedure." *Id.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

III.    Analysis

Because Brooks appealed the Order denying compassionate release, the Court temporarily lost jurisdiction to *grant* his motion for reconsideration, assuming it had merit. *United States v. Pena*, 713 F. App'x 271, 272 (5th Cir. 2017) But now that the Fifth Circuit Court of Appeals has dismissed Brooks's appeal, the Court has jurisdiction to fully hear the present motion. *See BHTT Ent., Inc. v. Brickhouse Café & Lounge, L.L.C.*, 858 F.3d 310, 313 (5th Cir. 2017) (holding that "the district court re-assumes jurisdiction once the mandate issues").

Turning to Brooks's newly discovered health condition—obesity—there is nothing to suggest that this constitutes newly discovered evidence under Rule 59(e). But even if so, it would not change the Court's ruling on the motion for compassionate release. At this point, Brooks has already had COVID-19. According to the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare." Centers for Disease Control, Reinfection with COVID-19, available at https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020). Balancing this low risk of reinfection against the possibility that Brooks could suffer severe illness were he to again contract COVID-19, the Court still finds Brooks has not presented an extraordinary and compelling reason to grant release.

Finally, the Court finds that Brooks's unsupported allegation that prison staff at FCC Beaumont Low—where Brooks is no longer housed—knowingly exposed inmates to COVID-19 has no bearing on the inquiry under § 3582(c)(1)(A). Brooks has made a tort claim regarding those issues, which is the correct arena to air his grievances. And to the extent Brooks's allegation demonstrates that conditions at FCC Beaumont Low further heightened Brooks's risk of re-infection, the fact that he no longer resides at that facility makes any such heightened risk irrelevant. Brooks has not shown extraordinary and compelling reasons for a sentence reduction.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Brooks's Motion for Reconsideration [178] is denied.

**SO ORDERED AND ADJUDGED** this the 2nd day of March, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE